**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **CASE NO.: 6:24-bk-03076-LVV** |
| | **CHAPTER 11** |
| **PAYKICKSTART, LLC** | |
| | *Subchapter V Election* |
|     **Applicable Debtor.** | |
| _____/ | **CASE NO.: 6:24-bk-03075-LVV** |
| **In re:** | **CHAPTER 11** |
| **ABIDE BRANDS, INC.** | *Subchapter V Election* |
| | |
| | *Emergency Hearing Requested on or before Monday, June 24, 2024* |
|     **Debtor.** | |
| _____/ | |

**EMERGENCY MOTION FOR AUTHORITY
TO USE CASH COLLATERAL AND
REQUEST FOR EMERGENCY PRELIMINARY HEARING**
(*Re: Boopos Warehouse, LLC, a Delaware limited liability company*)

**PAYKICKSTART, LLC** ("**PayKickstart**" or the applicable "**Debtor**") by and through its undersigned counsel, and pursuant to 11 U.S.C. §§ 363(c)(2) and 363(e), Federal Rules of Bankruptcy Procedure 4001(b)(2) and 4001(c), and Local Rule 2081-1(g)(1), hereby moves for authority to use cash collateral on an interim basis and to provide adequate protection to **BOOPOS WAREHOUSE, LLC** ("**Boopos**")[1], a Delaware limited liability corporation, which entity may hold a security interest in the Debtor's cash and/or cash equivalents, and to the extent necessary, the holders of inferior position security interests in the Debtor's cash, accounts and cash

---

[1] Debtor's inclusion or reference to any creditors in this Motion is in no way an admission that such creditor has a properly perfected security interest in the Debtors' property or allowed claim. Debtor specifically reserves its right to contest the validity of any alleged claim or security interest held by a creditor in this case. In fact, Debtor files this motion in an abundance of caution as it does not appear as though any secured creditor identified herein has a lien on Debtor's cash or cash equivalents.

equivalents (the "**Inferior Interests**" and collectively with Boopos the "**Secured Creditor**"), and requests an emergency hearing on the relief sought **on or before Monday, June 24, 2024**. In support of this motion, Debtor states as follows:

### Summary of Relief Requested

1. ***Emergency Relief Requested***. Debtor requests that the Court authorize its continued use of cash collateral notwithstanding any liens of the Secured Creditor (as defined herein) as of the Petition Date. Debtor requests authority to use cash to fund ordinary business operations and necessary expenses in accordance with a cash budget attached hereto as **Exhibit "A"**.

2. ***Basis for Urgency***. This motion must be considered on an emergency basis as the Debtor's business operations and reorganization efforts will suffer immediate and irreparable harm if it is not permitted to use cash collateral. To stay in business and maximize the value of its bankruptcy estate, Debtor must be able to pay employees, and other ordinary expenses, which expenses include office expenses, and trade vendor invoices, which are necessary to its continued operations.

3. ***Notice***. This motion has been served on (i) all parties consenting to electronic service via the Court's CM/ECF system, (ii) the Office of the United States Trustee via email (if known), fax, and overnight mail, (iii) the 20 largest creditors, the Secured Creditor via email (if known), via fax (if known), or via FedEx Overnight Mail. Prior to any hearing on the instant motion, undersigned counsel for the Debtor will attempt to confer with the Office of the United States Trustee and the Secured Creditors regarding the relief requested herein.

4. ***Suggested Hearing Date***. Debtor requests a hearing date **on or before Monday, June 24, 2024.** The date is requested because the Debtor is in constant need to pay their operating expenses to ensure its respective businesses generate the maximum amount of potential revenue, including payroll which is due to be paid on June 24, 2024.

5. *Supporting Argument*. Debtor supports this motion as set forth below.

## Background

6. On June 19, 2024 (the "**Petition Date**"), PayKickstart and Abide Brands, Inc. ("**Abide**") filed their respective petitions for relief under Chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") and elected to pursue relief under the provisions of Subchapter V. The Debtors continue to manage and operate their businesses as a debtors-in-possession in accordance with the Bankruptcy Code.

7. As more particularly set forth in the Debtor's Case Management Summary, Abide is an acquisition, management and holding company for software assets. Abide is managed and controlled by its sole-shareholder, Jared Schneider. PayKickstart is a software development company which provides e-commerce payment solutions for a wide variety of clientele.

8. Prior to the Petition Date, PayKickstart obtained financing from Boopos, which may be secured by substantially all of the Debtor's assets, including its cash and cash equivalents.

9. The cash collateral Debtor seeks to use is comprised of cash on hand and funds to be received during normal operations which may be encumbered by the liens of the Secured Creditor (the "**Cash Collateral**"). The Secured Creditor may assert an interest in the Cash Collateral by virtue of its respective security interests.

10. On an emergency basis, the Debtor will require an amount to use of at least $115,135.84 to pay its operating expenses over the next eight weeks.

## Relief Requested

11. Debtor will require the use of its Cash Collateral to continue to operate its business for the next eight weeks, and, depending on the month, a greater or lesser amount will be required each comparable period thereafter. Debtor will use the Cash Collateral to make payroll, pay

suppliers and vendors, and pay other ordinary course expenses to maintain its business, which may be subject to the lien of the Boopos.

12. A Budget reflecting the estimated income and expenses for the Debtor's business over the next eight (8) weeks is attached hereto as **Exhibit "A"**.

13. As adequate protection for the use of Cash Collateral, Debtor proposes to grant the Secured Creditor a replacement lien on its post-petition Cash Collateral to the same extent, priority, and validity as their pre-petition liens, to the extent its use of Cash Collateral results in a decrease in the value of the Secured Creditor's interest in the Cash Collateral.

14. As demonstrated by the Budget, Debtor will continue to operate on a positive cash flow basis during the interim eight-week period. As such, all interests on Cash Collateral are adequately protected by replacement lien and the proposed adequate protection is fair and reasonable and sufficient to satisfy any diminution in value of the Secured Creditor's prepetition collateral.

15. In the event Debtor is not permitted to use Cash Collateral, it may be forced to halt operations altogether, creating an adverse effect on creditors, and will likely eliminate the total value of assets pledged as collateral. Thus, Debtor believes the protections outlined herein are fair and reasonable under the circumstances and will be sufficient to protect the interests of the Secured Creditor's collateral from a diminution in value during the period of use by the Debtor. Accordingly, under the circumstances of this Chapter 11 case, granting the relief requested in the Motion is warranted.

16. A copy of the proposed order authorizing use of Cash Collateral is attached hereto as **Exhibit "B"**.

17. As of the date of this Motion, Debtor's undersigned counsel has been unable to confer with counsel for Boopos regarding the relief requested but shall endeavor to obtain Boopos'

consent to such relief prior to any hearing on the Motion. In addition, Debtor's undersigned counsel will endeavor to confer with the Office of the United States Trustee regarding the relief requested herein.

**WHEREFORE**, Debtor respectfully requests the Court: (i) set an emergency preliminary hearing to consider this Motion on or before June 24, 2024, (ii) grant the Debtor permission to use the Cash Collateral notwithstanding any lien on its cash or cash equivalents on an interim basis as of the Petition Date; and (iii) approve of the form and manner of providing adequate protection to the Secured Creditor during the interim period; and (iv) grant such other and further relief as is just and proper.

**RESPECTFULLY SUBMITTED** this 20th day of June, 2024.

/s/ Daniel A. Velasquez
**Daniel A. Velasquez, Esq.**
Florida Bar No. 0098158
dvelasquez@lathamluna.com
**LATHAM, LUNA, EDEN & BEAUDINE, LLP**
Bknotice1@lathamluna.com
201 S. Orange Ave., Suite 1400
Orlando, Florida 32801
Telephone: 407-481-5800
Facsimile:  407-481-5801
*Attorneys for the Debtor*

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **CASE NO.: 6:24-bk-03076-LVV** |
| | **CHAPTER 11** |
| **PAYKICKSTART, LLC** | |
| | *Subchapter V Election* |
| **Applicable Debtor.** | |
| _____/ | |
| | **CASE NO.: 6:24-bk-03075-LVV** |
| **In re:** | **CHAPTER 11** |
| **ABIDE BRANDS, INC.** | *Subchapter V Election* |
| | |
| | *Emergency Hearing Requested on or before Monday, June 24, 2024* |
| **Debtor.** | |
| _____/ | |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished either electronically and/or by U.S. First Class, postage prepaid overnight mail to: **Abide Brands, Inc.,** 508 Lake Cove Pointe Circle, Winter Garden, FL 34787; **PayKickstart, LLC,** 508 Lake Cove Pointe Circle, Winter Garden, FL 34787; **Boopos Warehouse, LLC**; Attn: Juan Ignacio Garcia Braschi, President, 114 NW 25th Street, Miami, FL 33127 (via FedEx overnight); all parties entitled to receive electronic noticing via CM/ECF; the twenty largest unsecured creditors as shown on the matrix attached to the original of this pleading filed with the Court; and the **U.S. Trustee,** 400 W. Washington Street, Suite 1100, Orlando, Florida 32801, this 20th day of June, 2024.

*/s/ Daniel A. Velasquez*
Daniel A. Velasquez, Esq.

# EXHIBIT "A"

| PayKickStart, LLC | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Cash Requirements** | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| **Week Ending** | 6/17/2024 | 6/24/2024 | 7/1/2024 | 7/8/2024 | 7/15/2024 | 7/22/2024 | 7/29/2024 | 8/5/2-24 |
| **INCOME** | | | | | | | | |
| Beginning Cash | $66,119.67 | $73,646.92 | $67,835.71 | $74,362.96 | $68,551.75 | $76,079.00 | $70,267.79 | $76,795.05 |
| | | | | | | | | |
| **Total Monthly Revenue** | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 | $15,000.00 |
| | | | | | | | | |
| **EXPENSES** | | | | | | | | |
| Utilities/Telephone/Cable | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 | $250.00 |
| Payroll | $0.00 | $13,338.46 | $0.00 | $13,338.46 | $0.00 | $13,338.46 | $0.00 | $13,338.46 |
| Vendors | $4,704.83 | $4,704.83 | $4,704.83 | $4,704.83 | $4,704.83 | $4,704.83 | $4,704.83 | $4,704.83 |
| Office Supplies | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 | $200.00 |
| Credit Card Processing Fees | $221.77 | $221.77 | $221.77 | $221.77 | $221.77 | $221.77 | $221.77 | $221.77 |
| Insurance | $96.15 | $96.15 | $96.15 | $96.15 | $96.15 | $96.15 | $96.15 | $96.15 |
| Professional Fees | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Abide Brands Management Fee | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 | $2,000.00 |
| Subchapter V Trustee | $0.00 | $0.00 | $1,000.00 | $0.00 | $0.00 | $0.00 | $1,000.00 | $0.00 |
| **TOTAL EXPENSES** | **$7,472.75** | **$20,811.21** | **$8,472.75** | **$20,811.21** | **$7,472.75** | **$20,811.21** | **$8,472.75** | **$20,811.21** |
| | | | | | | | | |
| NET INCOME | $7,527.25 | -$5,811.21 | $6,527.25 | -$5,811.21 | $7,527.25 | -$5,811.21 | $6,527.25 | -$5,811.21 |
| | | | | | | | | |
| **BALANCE AT THE END OF THE WEEK** | $73,646.92 | $67,835.71 | $74,362.96 | $68,551.75 | $76,079.00 | $70,267.79 | $76,795.05 | $70,983.84 |

1

# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

**In re:**  CASE NO.: 6:24-bk-03075-LVV
         CHAPTER 11

**ABIDE BRANDS, INC.**

  **Debtor.**
_____/

**In re:**  CASE NO.: 6:24-bk-03076-LVV
         CHAPTER 11

**PAYKICKSTART, LLC**


  **Debtor.**
_____/

**FIRST INTERIM ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO USE CASH COLLATERAL AND NOTICE OF CONTINUED HEARING**
**[Continued Hearing:  ]**

**THIS CASE** came on for emergency preliminary hearing on_____, 2024 (the "Hearing") upon the *Emergency Motion to Use Cash Collateral*, filed by PayKickstart, LLC (the "Debtor") on June __ 2024 (Doc. No. _____) (the "Motion"). Upon consideration of the Motion, the evidence presented, the arguments of counsel present at the Hearing, it is

   **ORDERED:**

   1. <u>Interim Authorization Granted</u>. The Motion is granted on an interim basis as provided herein.

   2. <u>Cash Collateral Authorization</u>. Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court,

including payments to the Subchapter V Trustee; (b) the current and necessary expenses set forth in the budget attached as **Exhibit A** attached to the Motion**,** plus an amount not to exceed ten (10) percent for each line item; and (c) such additional amounts as may be expressly approved in writing by Boopos Warehouse, LLC. This authorization will continue through_____, however, the parties may jointly agree to extend the authorization by submitting an agreed order reflecting such extension. Except as authorized in this order, the Debtor is prohibited from the use of cash collateral.

3. <u>Debtor Obligations</u>. The Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

4. <u>Replacement Lien</u>. Secured Creditor shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the prepetition lien, without the need to file or execute any documents as may otherwise be required under applicable non-bankruptcy law.

5. <u>Insurance</u>. The Debtor shall maintain insurance coverage for its property in accordance with the obligations under all applicable loan and security documents.

6. <u>Without Prejudice</u>. This Order is without prejudice to: (a) any subsequent request by a party-in-interest for modified adequate protection or restrictions on use of Cash Collateral; or (b) any other right or remedy which may be available.

7. <u>Enforcement</u>. The Court shall retain jurisdiction to enforce the terms of this Order.

Attorney Daniel A. Velasquez is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.